1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| LESLIE LYNNE TANKERSLEY, | Case No.  1:22-cv-00029-CDB (SS) |
| Plaintiff, | ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. 19) |
| Defendant. | |

12

13

14

15

16

17    Pending before the Court is the stipulated request of Plaintiff Leslie Lynne Tankersley

18 ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act

19 ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,431.29 to counsel for Plaintiff, the

20 Olinksky Law Group.[1]  (Doc. 22).

21    The parties agree that an award of attorney's fees to counsel for Plaintiff should be made

22 payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe

23 a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be

24 made directly to Plaintiff's counsel, Olinksky Law Group.  (*Id*. at 2).

25    On April 18, 2025, the Court granted Plaintiff's motion for summary judgment and

26 remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

27

28    [1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all
proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 16).

1

1    further proceedings.  (Doc. 19).  Judgment was entered the same day.  (Doc. 20).  On July 17,

2    2025, Plaintiff filed the pending stipulation for attorney's fees as a prevailing party.  (Doc. 22).

3    *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a

4    sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's filing is

5    timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

6         The EAJA provides for an award of attorney fees to private litigants who both prevail in

7    civil actions (other than tort) against the United States and timely file a petition for fees.  28

8    U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing

9    party unless it finds the government's position was "substantially justified or that special

10   circumstances make such an award unjust."  *Id*.  Here, the government did not show its position

11   was substantially justified and the Court finds there are not special circumstances that would

12   make an award unjust.  Moreover, the Commissioner does not oppose the requested relief.

13   (Doc. 25).  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D.

14   Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of

15   the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL

16   5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

17        Plaintiff requests an award of $6,431.29 in EAJA fees as authorized by 28 U.S.C. §

18   2412(d).  (Doc. 22).  The Ninth Circuit maintains a list of the statutory maximum hourly rates

19   authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See*

20   *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).  Assuming Plaintiff's counsel

21   seeks the published maximum rate associated with the year the action was filed (2022) and

22   during which he engaged in services in this case (which is $234.95),[2] the requested award would

23   amount to approximately 27.5 hours of attorney time (not accounting for any paralegal time

24   expended).  The Court finds this reasonable and commensurate with the number of hours an

25   attorney would need to have spent reviewing the certified administrative record in this case

26   (approximately 466 pages; Doc. 12-1), preparing a motion for summary judgment that includes

27

28        [2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at
     https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 24, 2025).

1    approximately ten pages of argument (Doc. 13 at 11-21), and preparing a reply brief that

2    includes four pages of argument (Doc. 17 at 2-5).  With respect to the results obtained,

3    Plaintiff's counsel obtained a favorable judgment remanding the case for further proceedings.

4    (Docs. 19, 20).

5        EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury

6    Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).   If the

7    Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not

8    subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted

9    to Plaintiff's counsel.

10        Accordingly, it is HEREBY ORDERED:

11    1.  Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 22) is

12        GRANTED; and

13    2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in

14        the amount of $6,431.29, pursuant to the terms set forth in the parties' stipulation (Doc.

15        22).

16    3.  Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines

17        that Plaintiff does not owe a federal debt, then the government shall cause the payment

18        of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the

19        stipulation.

20    IT IS SO ORDERED.

21        Dated:   **July 18, 2025**        _____

22                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28